UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEVON MEGERDISH,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | Case No. CV 08-6409-JTL<br><br>MEMORANDUM OPINION AND ORDER |

**PROCEEDINGS**

On October 1, 2008, Levon Megerdish ("plaintiff") filed a Complaint seeking review of the Social Security Administration's denial of his applications for Supplemental Security Income and Disability Insurance Benefits. On October 3, 2008, plaintiff filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. On November 19, 2008, Michael J. Astrue, Commissioner of Social Security ("defendant"), filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. Thereafter, on February 2, 2009, defendant filed an Answer to the Complaint. On May 11, 2009, the parties filed their Joint Stipulation.

The matter is now ready for decision.

///

///

**BACKGROUND**

On May 6, 2006, plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income benefits alleging a disability onset date of April 1, 2000. (See Administrative Record ["AR"] at 11). The Commissioner denied plaintiff's application for benefits both initially and upon reconsideration. (AR at 103-21). Thereafter, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR at 124).

On March 19, 2008, the ALJ conducted a hearing in San Bernardino, California. (See AR at 35-87). Plaintiff appeared at the hearing with counsel and testified. (AR at 42-51, 65-74). Plaintiff, through his counsel, amended his disability onset date to February 9, 2006. (AR at 37-38, 43-44). Henry Landau, M.D., a medical expert, and Troy L. Scott, a vocational expert, also appeared and testified at the hearing. (AR at 51-65, 74-85).

On May 2, 2008, the ALJ issued his decision denying benefits to plaintiff. (AR at 11-23). The ALJ determined that plaintiff had the following severe impairments: ischemic heart disease, lumbar spine disorder, possible chronic angina pectoris currently stable, obesity, and a depressive disorder not otherwise specified. (AR at 14). The ALJ found that plaintiff's conditions did not meet or equal any of the impairments contained in the Listing of Impairments (see 20 C.F.R. Part 404, Subpart P, Appendix 1). The ALJ then determined that plaintiff had the residual functional capacity to do a limited range of light work.[1] Specifically, the ALJ found that, out of an eight-hour work day, plaintiff could stand and/or walk for two hours; sit for six hours; less than occasionally bend, stoop, and crouch; is precluded from climbing ladders, ropes, and scaffolds; is able to frequently balance and walk on uneven terrain; and, mentally,

---

[1] The Social Security Administration has taken administrative notice of the Department of Labor's Dictionary of Occupational Titles, 20 C.F.R. § 416.966(d)(1); Massachi v. Astrue, 486 F.3d 1149, 1152 n.8 (9th Cir. 2007), which describes the duties and physical requirements of the numerous occupations that it chronicles. Dictionary of Occupational Titles, Fourth Edition, 1991, available at http://www.oalj.dol.gov/libdot.htm; see Pinto v. Massanari, 249 F.3d 840, 845-46 (9th Cir. 2001) ("the best source for how a job is generally performed is usually the Dictionary of Occupational Titles"). Per the DOT, in order to perform light work, an individual must be capable of "[e]xerting up to 20 pounds of force occasionally, and/or up to 10 pounds of force frequently, and/or a negligible amount of force constantly (Constantly: activity or condition exists 2/3 or more of the time) to move objects."

is able to perform simple, repetitive tasks. (AR at 14-15). The ALJ determined that jobs exist in significant numbers in the national economy that plaintiff can perform such as handpacker (DOT No. 920.587-018); receptionist (DOT No. 237.367-022); and general office clerk (DOT No. 209.562.0010). (AR at 22). Accordingly, the ALJ concluded that plaintiff was not entitled to Supplemental Security Income benefits through the date of the decision.[2] (AR at 23). The Appeals Council denied plaintiff's timely request for review of the ALJ's decision. (AR at 1-4).

Thereafter, plaintiff appealed to the United States District Court.

## PLAINTIFF'S CONTENTIONS

Plaintiff makes the following claims:

1.  The ALJ erred in determining that plaintiff retained the residual functional capacity to perform light work.

2.  The ALJ erred in his application of Medical-Vocational Rule 202.21.

3.  The ALJ failed to properly consider the moderate mental limitations assessed by K.D. Gregg, M.D.

## STANDARD OF REVIEW

Under 42 U.S.C. Section 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401 (1971); Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as

---

[2] With regard to plaintiff's application for Disability Insurance Benefits, the ALJ noted, both at the hearing and in the decision, that when plaintiff amended his onset date to February 9, 2006, he amended it to a date after December 31, 2001, the date plaintiff was last insured, and his claim was, therefore, dismissed. (AR at 11; see AR at 37-38, 43-44). The ALJ held that the prior determination dated January 19, 2007 denying plaintiff Disability Insurance Benefits remains in effect. (AR at 11). The Court notes that plaintiff does not contest this determination in the instant action.

adequate to support a conclusion." Richardson, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. Morgan v. Comm'r, 169 F.3d 595, 599 (9th Cir. 1999). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).

## DISCUSSION

**A.     The Sequential Evaluation**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantially gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantially gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 141 (1987). Second, the ALJ must determine whether the claimant has a severe impairment. Parra, 481 F.3d at 746. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in Appendix I of the regulations. Id. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). If the claimant cannot perform his or her past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantially gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

///

The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times, the burden is on the claimant to establish his or her entitlement to disability insurance benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).

**B.      Plaintiff's Mental Residual Functional Capacity**

Plaintiff argues that the ALJ failed to properly consider the areas of mental functioning that K.D. Gregg, M.D., a State Agency psychiatric consultative physician, determined were moderately limited. (Joint Stipulation at 13-14, 17).

In a Psychiatric Review Technique dated September 6, 2006, Dr. Gregg indicated that plaintiff had mild restrictions of activities of daily living, moderate difficulties in maintaining social functioning, and moderate difficulties in maintaining concentration, persistence, or pace. (AR at 386). Dr. Gregg also completed a Mental Residual Functional Capacity Assessment dated September 6, 2006, in which he indicated that plaintiff was moderately limited in the ability to understand and remember detailed instructions, carry out detailed instructions, maintain attention and concentration for extended periods, and complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. (AR at 389-91).

In his decision, the ALJ accepted Dr. Gregg's assessment of plaintiff's mental functional limitations. The ALJ summarized Dr. Gregg's findings and stated that he gave "significant weight" to his opinion and findings. (AR at 21). Although the ALJ gave Dr. Gregg's assessment of plaintiff's mental functional limitations significant weight, the ALJ failed to include Dr. Gregg's assessed limitations in the hypothetical question he presented to the vocational expert and in his assessment of plaintiff's residual functional capacity. As explained below, the ALJ's unexplained omission of portions of Dr. Gregg's assessment from plaintiff's residual functional capacity and the hypothetical presented to the vocational expert constitutes error.

The ALJ is charged with determining a claimant's residual functional capacity based on an evaluation of the evidence as a whole. See 20 C.F.R. § 416.945; Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989) (The ALJ is responsible for determining credibility and resolving conflicts in medical testimony). Although ALJs are not bound by findings made by State Agency medical or psychological consultants, the State Agency physicians and psychologists are considered highly qualified physicians and psychologists who are also experts in Social Security disability evaluation. 20 C.F.R. § 416.927(f)(2)(i). Therefore, ALJs must consider findings of the State Agency medical and psychological consultants as opinion evidence, except for the ultimate determination of whether the claimant is disabled. Id. Thus, an ALJ is required to consider and evaluate any assessment of an individual's residual functional capacity by a State Agency physician or psychologist. Social Security Ruling ("SSR")[3] 96-6p. Unless the ALJ specifically rejects the opinion of the State Agency physician or psychologist, the ALJ must give a non-examining physician's opinion some weight. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995).

An ALJ is not bound by findings made by a State Agency physician or psychologist, but an ALJ "may not ignore these opinions and must explain the weight given to the opinions in their decisions." SSR 96-6p. An ALJ must evaluate the findings of a State Agency medical or psychological consultant or other program physician or psychologist using the factors listed in 20 C.F.R. § 416.927(a)-(e), such as the physician or psychologist's medical specialty and expertise in the rules of the Social Security Administration, the supporting evidence in the case record, supporting explanations provided by the physician or psychologist, and any other factors relevant to the weighing of the opinions. 20 C.F.R. § 416.927(f)(2)(ii). The residual functional capacity assessments made by State Agency medical or psychological consultants or other program physicians or psychologists are to be considered and addressed by the ALJ

---

[3] Social Security Rulings are issued by the Commissioner to clarify the Commissioner's regulations and policies. Bunnell v. Sullivan, 947 F.2d 341, 346 n.3 (9th Cir. 1991). Although they do not have the force of law, they are nevertheless given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." Han v. Bowen, 882 F.2d 1453, 1457 (9th Cir. 1989).

in the decision as medical opinions from nonexamining sources about what the claimant can still do despite his or her impairments. SSR 96-6p.

Here, the ALJ failed to explain why he disregarded aspects of Dr. Gregg's assessment. In the decision, the ALJ clearly stated that he gave Dr. Gregg's assessment significant weight, yet, with regard to plaintiff's mental functional limitations, the ALJ found only that plaintiff was limited to simple repetitive tasks. (AR at 15). The ALJ omitted, without explanation, Dr. Gregg's assessed moderate difficulties in maintaining social functioning, concentration, persistence, or pace, understanding and remembering detailed instructions, carrying out detailed instructions, maintaining attention and concentration for extended periods, and completing a normal workday and workweek without interruptions from psychologically based symptoms and performing at a consistent pace without an unreasonable number and length of rest periods. The ALJ failed to address this portion of Dr. Gregg's findings and explain what weight he assigned to them. Even if the ALJ may have had proper reasons to discredit the limitations assessed by the Dr. Gregg, the ALJ did not articulate any reasons in his decision. The Court cannot be left to speculate as to what those reasons would have been. See Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988) ("The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct."). The ALJ is responsible for resolving conflicts in medical testimony, see Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989), and the regulations require the ALJ to explain in the decision the weight given to the opinion of a State Agency psychologist. 20 C.F.R. § 416.927(f)(2)(ii).

While defendant argues that plaintiff's mental limitations in concentration and social functioning were included in the ALJ's residual functional capacity finding, which included a restriction to "simple repetitive tasks," the testimony of the vocational expert at the hearing indicates otherwise. At the hearing, the ALJ presented the vocational expert with a hypothetical individual with the physical limitations included in the ALJ's residual functional capacity findings, and a mental limitation to perform only simple repetitive tasks. (AR at 77). The vocational expert testified that such an individual could not perform plaintiff's past relevant work, but was

capable of making a successful adjustment to other work that exists in significant numbers in the national economy. (AR at 78-81). The ALJ relied on this testimony at step five of the sequential evaluation to determine that plaintiff was not disabled. (AR at 22-23). Upon examination by plaintiff's counsel, the vocational expert testified that a hypothetical individual with the physical limitations included in the ALJ's residual functional capacity findings would not be able to find any employment if such an individual was unable to perform the task one-third of the day, unable to maintain concentration for a third of the workday and unable to complete a normal workday or workweek without interruption from psychologically based symptoms and to perform on a consistent basis without an unreasonable number of rest periods. (AR at 84). The vocational expert also testified that a hypothetical individual with the physical limitations included in the ALJ's residual functional capacity findings would not be able to find any employment if such an individual was absent from work more than three times a month due to medical problems. (AR at 85). Thus, the vocational expert's testimony indicates that the mental functional limitations assessed by Dr. Gregg would impact plaintiff's ability to perform work-related activity beyond the restriction resulting from a limitation to simple repetitive tasks. The ALJ, however, relied on the vocational expert's response to the hypothetical including only a limitation to simple repetitive tasks at steps four and five of the sequential evaluation. (AR at 22-23). In order for the vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical that is based on medical assumptions supported by substantial evidence in the record that reflects each of the claimant's limitations. Andrews v. Shalala, 53 F.3d 1035, 1044 (9th Cir. 1995); Roberts v. Shalala, 66 F.3d 179, 184 (9th Cir. 1995); see Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988) ("Hypothetical questions posed to the vocational expert must set out all the limitations and restrictions of the particular claimant. . . 'If the assumptions in the hypothetical are not supported by the record, the opinion of the vocational expert that claimant has a residual working capacity has no evidentiary value.'" (emphasis in original)). Here, the omission of plaintiff's mental functional limitations from plaintiff's assessed mental residual functional capacity and from the hypothetical posed to the vocational expert without explanation constitutes error.

## C. Remand is Required to Remedy Defects in the ALJ's Decision

The choice of whether to reverse and remand for further administrative proceedings, or to reverse and simply award benefits, is within the discretion of the Court. McAlister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). Remand is appropriate where additional proceedings would remedy defects in the ALJ's decision, and where the record should be developed more fully. Marcia v. Sullivan, 900 F.2d 172, 176 (9th Cir. 1990).

Here, the Court finds remand appropriate. Omitting the mental functional limitations assessed by Dr. Gregg from the ALJ's mental residual functional capacity findings and the hypothetical posed to the vocational expert without explanation constitutes error. On remand, the ALJ must fully explain the weight he gives to Dr. Gregg's assessment and include all limitations and restrictions of plaintiff in a hypothetical to the vocational expert if the ALJ wishes to rely on the opinion of the vocational expert as substantial evidence.[4]

## ORDER

The Court, therefore, VACATES the decision of the Commissioner of Social Security Administration and REMANDS this action for further administrative proceedings consistent with this Memorandum Opinion and Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: June 30, 2009

/s/ Jennifer T. Lum
JENNIFER T. LUM
UNITED STATES MAGISTRATE JUDGE

---

[4] In the Joint Stipulation, plaintiff also contends that the ALJ erred in determining plaintiff could perform light work and in his application of the Medical-Vocational Rules. As explained above, however, the ALJ's error in failing to explain the weight given to Dr. Gregg's opinion constitutes sufficient reason to remand this case. Moreover, depending on the outcome of the proceedings on remand, the ALJ will have an opportunity to address plaintiff's other arguments again. In any event, the ALJ should consider all the issues raised by plaintiff in the Joint Stipulation when determining the merits of plaintiff's case on remand.